UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM STAPLES,<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-328-P |
| VERSUS | CHIEF JUDGE DRELL |
| USA, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Plaintiff William Staples ("Staples") (#07725-089) filed a complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] and the Federal Tort Claims Act ("FTCA"). Staples is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Estill, South Carolina. Staples complains about several disciplinary convictions received when he was incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P").

I. Background

Staples allegedly received an incident report in July, 2010, for assaulting another inmate at USP-P. (Doc. 1, p. 7). A disciplinary hearing officer found Staples guilty of the offense, and Staples was sentenced to 30 days in the special housing unit ("SHU"), 60 days loss of visitation, and 27 days loss of good time credits. (Doc. 1, p.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

7). After serving his disciplinary sentence, the incident report was expunged. (Docs. 1, 63).

Staples also complains that he received incident reports in February, 2011 for misusing medication and failing to stand for count. (Doc. 1, pp. 7, 8). Staples was convicted and sanctioned to 60 days loss of phone privileges and commissary. On appeal, after Staples served the sanctions, the convictions were expunged. (Doc. 1, pp. 8, 9).

Staples alleges that, on an unspecified date, he received an incident report for refusing an order. Staples was convicted and sanctioned to 60 days loss of commissary. (Doc. 1, p. 9). Staples's appeal was denied. (Doc. 1, p. 9).

## II.  Law and Analysis

### A.  Staples's complaint is subject to screening under § 1915A.

As a prisoner seeking redress from an officer or employee of a governmental entity, Staples's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A

complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Staples's complaint is duplicative.

Staples's complaint (Doc. 1) is identical to the complaint in another Bivens suit currently pending in this Court (1:16-cv-1284, Doc. 63). Staples presents the same claims regarding the same disciplinary convictions in both suits. Thus, Staples's current suit is duplicative. A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Culp's complaint be DENIED and DISMISSED under § 1915A, without prejudice to the prosecution of Staples's claims in the pending suit, 1:16-cv-1284.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  28th  day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge